JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Tricia Samuel

**(b)** County of Residence of First Listed Plaintiff ________
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Daniel S. Orlow, Console Mattiacci Law
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

## DEFENDANTS

The Children's Hospital of Philadelphia

County of Residence of First Listed Defendant ________
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. § 2000e, et seq.; 42 U.S.C. § 12101, et seq.; 42 U.S.C. § 1981; 43 P.S. § 951, et seq.;Phila. Code § 9-1101, et seq.

Brief description of cause:
Plaintiff was discriminated & retaliated against based on her race and her disability in violation of federal and state law.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ________ DOCKET NUMBER ________

DATE 11/20/2026 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Philadelphia, PA

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A. Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:______________________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*______________ ______________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Tricia Samuel | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| The Children's Hospital of Philadelphia | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 11/20/2026 | [signature] | Plaintiff, Tricia Samuel |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 405-2900 | Orlow@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TRICIA SAMUEL**<br>Philadelphia, PA 19138<br><br>***Plaintiff,***<br><br>v.<br><br>**THE CHILDREN'S HOSPITAL OF PHILADELPHIA**<br>3401 Civic Center Blvd.<br>Philadelphia, PA 19104<br><br>***Defendant.*** | CIVIL ACTION NO.:<br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

## I. INTRODUCTION

Plaintiff, Tricia Samuel ("Plaintiff"), brings this action against her former employer, The Children's Hospital of Philadelphia ("Defendant"), for discriminating against her based upon her race (Black) and her disability (including her history thereof and Defendant's perception of her as a disabled person), and for retaliating against her because of her seeking reasonable accommodations for her disability and her engaging in protected activity.

Defendant's unlawful conduct includes subjecting Plaintiff to a hostile work environment, failing to provide Plaintiff with a reasonable accommodation for her disability, and terminating her employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

Plaintiff seeks all damages, including economic loss, compensatory damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II. PARTIES

1. Plaintiff, Tricia Samuel, is an individual and a citizen of the Commonwealth of Pennsylvania. She resides in Philadelphia, PA 19138.

2. Plaintiff is Black.

3. At all relevant times, Plaintiff was "disabled" in that she suffered from an impairment, which substantially limited one or more of her major life activities, had a record of impairment and/or was regarded as having such impairment.

4. Defendant, The Children's Hospital of Philadelphia, maintains a principal place of business located at 3401 Civic Center Blvd., Philadelphia, PA 19104.

5. Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

6. At all relevant times, Plaintiff worked at Defendant's business location in Philadelphia, Pennsylvania.

7. At all relevant times, Defendant employed fifteen (15) or more employees.

8. At all relevant times, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

9. At all relevant times, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

10. At all relevant times, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

## III. JURISDICTION AND VENUE

11. The causes of action which form the basis of this matter arise under Title VII, the ADA, Section 1981, the PHRA, and the PFPO.

12. This Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331.

13. This Court has jurisdiction over Count II (ADA) pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. § 1331.

14. This Court has jurisdiction over Count III (Section 1981) pursuant to 28 U.S.C. § 1331.

15. This Court has supplemental jurisdiction over Count IV (PHRA) and Count V (PFPO) pursuant to 28 U.S.C. § 1367.

16. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

17. On or about May 20, 2024, Plaintiff filed a Complaint with the Philadelphia Commission on Human Relations ("PCHR") complaining of the acts of discrimination and retaliation alleged herein. Plaintiff's PCHR Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of the PCHR Complaint (with personal identifying information redacted).

18. On or about August 24, 2026, the EEOC issued to Plaintiff a Determination and Notice of Rights pertaining to Plaintiff's agency complaint. Attached hereto and marked as Exhibit "2" is a true and correct copy of that Notice (with personal identifying information redacted).

19. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

20. Plaintiff began working at Defendant on July 15, 2019.

21. Plaintiff consistently performed her job duties in a highly competent manner.

22. Plaintiff last held the position of Patient Service Representative.

23. Plaintiff last reported to Tracey Wright, Practice Manager.

24. Wright reported to Charin Sturgis, Director of Operations, and Hayes Bakken, Medical Director.

25. Before reporting to Wright, Plaintiff reported to Laura Baker, Lead Nurse.

26. On or about November 22, 2021, Plaintiff was diagnosed with multiple sclerosis.

27. On or about November 22, 2021, Plaintiff went out of work on a medical leave of absence.

28. From November 22, 2021 to March 21, 2022, Plaintiff was out of work on a medical leave of absence due to her disability.

29. On March 16, 2022, in an email to Wright and Carla Claud, Human Resources Business Partner, Plaintiff stated that her doctors had cleared her to return to work on March 21, 2022, and she was requesting the following reasonable accommodations due to her disability: not walking long distances to the parking lot to pick up patients; more time working in referrals; a blue light filter for her computer monitor screen; and no working at night.

30. On March 21, 2022, Plaintiff returned to work from her medical leave of absence.

31. Following the above, upon her return to work, Defendant placed a blue light filter on two (2) computer monitor screens; however, approximately one (1) week later, the blue light

filter on one (1) of the screens was removed. After approximately two (2) weeks of working in referrals, Plaintiff's referrals work was reduced. Although Plaintiff was removed from the night shift schedule, she was scheduled to work at the front desk, which required more walking around, and none of the computer monitor screens at the front desk had blue light filters on them.

32. Defendant failed to reasonably accommodate Plaintiff for her disability.

33. On March 21, 2022, Plaintiff began reporting to Wright.

34. Wright was aware of Plaintiff's multiple sclerosis diagnosis, medical leave of absence, and accommodation requests.

35. After she started reporting to Write, Plaintiff was treated differently and worse, and in a more hostile and dismissive manner, than her white peers.

36. Plaintiff's performance was unjustly criticized.

37. Plaintiff's interactions with coworkers were unjustly criticized.

38. Plaintiff was falsely accused of lying.

39. Plaintiff was falsely accused of cursing.

40. Plaintiff was yelled at.

41. Plaintiff's request for a schedule change was denied.

42. Wright commented to Plaintiff that she never had issues with the white nurses, only the black employees.

43. White employees were treated more favorably than black employees.

44. On October 17, 2022, Plaintiff requested the reasonable accommodation of parking her car in the patient parking lot, which was closer to the building where she worked, instead of parking where employees parked, which was on a hill farther away from the building, due to her difficulty walking because of her multiple sclerosis diagnosis.

45. Following the above, Plaintiff provided medical documentation and the required completed forms in connection with her reasonable accommodation request.

46. On November 30, 2022, in a meeting with Diana Kloda, Senior Human Resources Manager, Kloda stated that Plaintiff could use a traffic cone to hold a spot in the patient parking lot on days when she had a flare-up due to her multiple sclerosis diagnosis.

47. Plaintiff was instructed to contact her supervisor as she was on her way to work if she was experiencing a flare-up.

48. On May 18, 2023, Plaintiff was approved for intermittent FMLA leave through May 17, 2024. For her medical condition, she was permitted to take two (2) absences per month with each absence lasting up to five (5) days; for her medical treatments, she was permitted to take two (2) absences every three (3) months with each treatment lasting up to eight (8) hours.

49. On June 1, 2023, in a meeting with Wright and Denise Fitzpatrick, Lead Doctor, Defendant placed Plaintiff on a Final Written Warning. Plaintiff had not received any written warning before receiving the Final Written Warning.

50. Plaintiff's performance did not warrant a Final Written Warning. Plaintiff did not receive a copy of the Final Written Warning.

51. Plaintiff complained that she had been treated worse ever since she returned to work from medical leave.

52. On June 23, 2023, in an email to Wright and Elaine Karaszewski, Director of Primary Care Operations, Plaintiff complained of discrimination because of her disability and race and retaliation because she sought reasonable accommodations for her disability. Plaintiff complained of the race-based comment that Wright made to her.

53. Plaintiff requested that the Final Written Warning be removed from her file.

54. In or about July 2023, Plaintiff spoke with Karla Bustos Carreno, Human Resources Business Partner, regarding her above complaint and how she was being treated.

55. In or about July 2023, following the above, Bustos Carreno told Plaintiff that she could not corroborate Plaintiff's above complaint, so she could not do anything about it. Bustos Carreno told Plaintiff that Karaszewski would speak with her about her Final Written Warning.

56. In August 2023, Karaszewski told Plaintiff that her Final Written Warning was final.

57. In early January 2024, Plaintiff requested the reasonable accommodation of not working at the front desk for a few days following her infusion treatment in connection with her multiple sclerosis diagnosis, as the treatments caused her immune system to be compromised in the days following her infusion treatment.

58. Defendant denied Plaintiff's reasonable accommodation request of not working at the front desk for a few days following her infusion treatment in connection with her multiple sclerosis diagnosis.

59. On January 19, 2024, Plaintiff underwent an infusion treatment in connection with her multiple sclerosis diagnosis.

60. From January 19 to 24, 2024, Plaintiff was out of work in connection with her infusion treatment and recovery.

61. Following the above, Gwendolyn Harrison, Group Lead, placed Plaintiff at the front desk following her infusion treatment, stating that that was what Wright wanted.

62. Following the above, Tamika Scott, Group Lead, stated that Plaintiff had paid time off, and she should use it, implying that Plaintiff should take time off from work instead of seeking a reasonable accommodation for her disability.

63. On April 15, 2024, in a meeting with Wright and Harrison, Defendant terminated Plaintiff's employment, effective immediately. The stated reason was that Plaintiff had violated Defendant's "I Care" policy because she argued with a coworker in the kitchen on April 8, 2024 and employees are not allowed to argue.

64. Plaintiff was the only employee reporting to Wright who was terminated effective April 15, 2024.

65. The conduct of Defendant, as set forth above, was severe or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that the working environment was hostile or abusive, and in fact made Plaintiff believe that his working environment was hostile and abusive because of her race and her disability.

66. Defendant failed to reasonably accommodate Plaintiff's disability.

67. Plaintiff's disability, her request for and use of medical leave, her race, and her complaints of discrimination were each substantial, determinative, and/or motivating factors in Defendant's discriminatory and retaliatory treatment of her, including terminating her employment.

## <u>COUNT I – TITLE VII</u>

68. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

69. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

70. Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, and Defendant's conduct was especially egregious, warranting the imposition of punitive damages.

71. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

72. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

73. No previous application has been made for the relief requested herein.

## **COUNT II – ADA**

74. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

75. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the ADA.

76. As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

77. The conduct of Defendant, as set forth above, was willful, malicious and outrageous under the circumstances and warrants the imposition of punitive damages against Defendant.

78. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

79. No previous application has been made for the relief requested herein.

## **COUNT III – SECTION 1981**

80. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

81. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Section 1981.

82. Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, and Defendant's conduct was especially egregious, warranting the imposition of punitive damages.

83. As a direct and proximate result of Defendant's violations of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

84. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

85. No previous application has been made for the relief requested herein.

**COUNT IV – PHRA**

86. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

87. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the PHRA.

88. Said violations were intentional and willful.

89. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

90. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

91. No previous application has been made for the relief requested herein.

## COUNT V – PFPO

92. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

93. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the PFPO.

94. Defendant acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

95. As a direct and proximate result of Defendant's violations of the PFPO, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

96. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

97. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of the ADA;

(c) declaring the acts and practices complained of herein to be in violation of Section 1981;

(d) declaring the acts and practices complained of herein to be in violation of the PHRA;

(e) declaring the acts and practices complained of herein to be in violation of the PFPO;

(f) enjoining and permanently restraining the violations alleged herein;

(g) entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(h) awarding damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(i) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(j) awarding punitive damages to Plaintiff under Title VII, the ADA, Section 1981, and the PFPO;

(k) awarding Plaintiff such other damages as are appropriate under Title VII, the ADA, Section 1981, the PHRA, and the PFPO;

(l) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(m) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

By: */s/ Daniel Orlow*
DANIEL ORLOW, ESQUIRE
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
Phone: (215) 545-7676

*Attorney for Plaintiff*

Dated: November 20, 2026